RICHARD L. HUNTER and ANDREW HUNTER, as
EXECUTORS, ETC., OF RICHARD HUNTER, DECEASED,
RESPONDENTS, v. ISAAC D. WETSELL, JOHN VAN
O'LINDA and JOHN QUACKENBUSH, APPELLANTS.

*Payment by check — taking a contract out of the statute of frauds.*

APPEAL from a judgment in favor of the plaintiffs, entered upon
the verdict of a jury, and from an order denying a motion for a
new trial made upon the minutes of the justice before whom the
action was tried.

The action was to recover the purchase-price of a quantity of
hops, alleged to have been purchased by defendants of plaintiffs'
testator.

The court at General Term said : "Assuming as we must
that the law of this case was properly laid down by the Com-
mission of Appeals, when it was before that court (57 N. Y.,
375), the plaintiffs have obviated the objections then taken by
the new evidence now offered. It now appears that the con-
tract was complete between the parties when the $200 was
paid. By that contract the quantity of hops was fixed at
2,370 pounds, the price at fifty cents per pound and ten dollars in
addition. The defendants were to go out and take the hops away
the next week, and $200 were paid towards the purchase-price.
So the jury has found upon competent evidence and the evidence
is conclusive, as to the fact upon this court. So the contract is
not void by the statute of frauds.

" The payment was by the check of defendants. It is now claimed
that a payment by check, which is afterwards presented to the bank
on which it is drawn and paid, is not a payment at the time of
making of the contract, within the statute of frauds. No authority
to sustain this proposition is citied, and we cannot yield to it our
assent. Undoubtedly the giving of a check is not absolute pay-
ment, but when it is received as such, and is afterwards paid as in
this case, it becomes a good and valid payment as of the time
when it was given. Such is the universal custom and usage, and

any different rule would greatly embarrass trade and commerce. (*Gould* v. *Town of Oneonta*, 71 N. Y., 307.)"

*J. H. Clute*, for the appellants. *E. W. Paige*, for the respondents.

Opinion by BOARDMAN, J., LEARNED, P. J., and BOCKES, J., concurred.

Judgment and order affirmed, with costs.